# IN THE COURT OF APPEALS OF IOWA

No. 24-1677
Filed August 6, 2025

**DAVID NESTLER,**
    Plaintiff-Appellant,

**vs.**

**KACIE L. COMBS AND CHRISTOPHER S. PALMER,**
    Defendant-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

A plaintiff appeals the district court's summary judgment order dismissing his petition for injunctive relief and denying his request for attorney fees. **AFFIRMED.**

David Nestler, Altoona, self-represented appellant.

Sean M. Corpstein of Whitfield & Eddy, P.L.C., Des Moines, for appellee.

Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**BADDING, Judge.**

In 2023, Kacie Combs and Christopher Palmer built a white vinyl privacy fence in the backyard of their home in Fieldstone Estates, an Altoona subdivision. At the time, a restrictive covenant required all fences to be "black in color" and similar in "appearance and design [to] wrought iron fencing." "Privacy fences" and other barriers that "detract from the view corridors" of adjoining lots were prohibited. Unhappy with Combs and Palmer's non-conforming fence, fellow Fieldstone Estates resident David Nestler filed a petition for injunctive relief, asking the court to order the fence be removed.

Combs and Palmer responded by rallying their neighbors' support for a change to the rules. In April 2024, while Nestler's lawsuit was pending, they recorded an amended covenant expressly permitting "black, white or soft earth tone" privacy fences and declaring prior violations "null and void." The amendment was signed and notarized by eighty-five lot owners, exceeding the simple majority required to modify Fieldstone Estates' declaration of covenants.

Nestler declined to dismiss his suit, so Combs and Palmer moved for summary judgment. In his written resistance, Nestler conceded that "there is now an amendment to the Covenants" and that "the Defendants' fence is no longer in violation." But he maintained that he was "entitled to attorney's fees for having to bring this action." The district court granted Combs and Palmer's motion, finding "both parties agree that the retroactive amendment to the covenants disposes of the underlying dispute." It denied Nestler's request for fees.

Nestler appeals, challenging the district court's dismissal of his petition for injunctive relief. Notwithstanding the amended covenant, Nestler contends his

claim remained viable because: (1) photographs submitted at summary judgment show other violations on Combs and Palmer's property; (2) estoppel principles prohibit Combs and Palmer from curing their violation through a mid-litigation amendment; (3) Combs and Palmer failed to plead a "retroactive amendment defense"; and (4) the amended covenant is void due to signature defects. Our review is for correction of errors of law. *See Union Pac. R.R. Co. v. Drainage Dist. 67 Bd. of Trs.*, 974 N.W.2d 78, 82 (Iowa 2022). But we cannot reach any of Nestler's contentions in this appeal.

It is a fundamental rule of appellate review that issues must be raised and decided in the district court before we may consider them. *See State v. Chawech*, 15 N.W.3d 78, 83 (Iowa 2024) ("[W]e generally don't decide issues for the first time."). We enforce this requirement regardless of whether the opposing party objects. *Halbur v. Larson*, 14 N.W.3d 363, 371 (Iowa 2024). Nestler declined to raise any of his new arguments in resistance to summary judgment, conceding instead that injunctive relief was foreclosed. The only issue he asked the district court to resolve was his entitlement to fees for an unsuccessful lawsuit.[1] Thus, none of Nestler's claims of error are preserved for our review, and we must affirm the order of the district court without reaching the merits.

**AFFIRMED.**

---

[1] To the extent we could construe Nestler's arguments on appeal to challenge the district court's ruling on fees, we would find no error. The covenant language that Nestler relies on provides for recovery of attorney fees only when a "violation of . . . this Declaration is established." We agree with the district court that, by conceding defeat on his request for an injunction, Nestler failed to "establish" a covenant violation, and so he is not entitled to fees.